Filed 6/16/20

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIAN COLE,<br><br>    Defendant and Appellant. | A156662<br><br>(City & County of San Francisco<br>Super. Ct. No. SCN227985) |

Julian Cole was convicted of robbery and related crimes after he beat victim Ricardo G. and took two cell phones from him. Cole contends the court erred when it failed to give a unanimity instruction and when it placed him on two separate but concurrent grants of probation based on separate offenses rather than on one grant of probation based on his aggregate sentence. Cole's unanimity argument is meritless and rejected in the unpublished portion of this opinion, but in the published portion, we join the People and agree Cole is subject to but one probationary term. We therefore modify the judgment in that respect and affirm it as so modified.

---

* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I of the Discussion section.

1

## BACKGROUND

By June 2017, Cole and Ricardo had been in an intimate relationship on and off for about a year. During that period Ricardo bought Cole gifts, gave him money, and opened a cell phone plan for him through an ATT employee account. By Ricardo's estimation he spent between $4,000 and $6,000 on Cole over the course of their relationship.

By May 2017, Ricardo felt the relationship was "not really going no where [*sic*] as well as it was just lies, cheating, even though . . . there was still a connection." Moreover, Cole had been failing to reimburse Ricardo for his phone bills as they had agreed. Ricardo told Cole he wanted to end the relationship and warned him he would discontinue Cole's phone plan unless Cole made good on his agreement to repay him. But, as had happened before, Cole reached out to Ricardo and asked him to restart their relationship. The two agreed to meet to discuss their relationship face to face.

On June 8, 2017, Cole and Ricardo met on a corner near Ricardo's home in the Mission district and started arguing as they walked down an alleyway toward a restaurant. Ricardo suspected Cole of seeing other people and demanded to see his phone to see "if [he] had any skeletons in the closet from the time [they] weren't seeing each other." Cole initially refused, but when Ricardo started to walk away, he called out " 'Wait, I'm going to show you. Please don't get mad.' " Standing in the alley, they exchanged cell phones.

When Ricardo looked at Cole's phone, he saw a text message between Cole and a former co-worker for whom Ricardo had also arranged discounted purchases from AT&T. The message stated, " 'Ricardo has money. We're not going to pay him back.' " Ricardo became angry and threw Cole's phone on the ground.

Cole started repeatedly punching Ricardo in the face. Ricardo testified, "I remember saying 'stop, stop.' Then he will continue going, going. I remember falling down multiple times. Trying to get back up to get my balance, but with him continuing hitting me, fall back down." Then, while Ricardo was on the ground, Cole reached into his pants pockets and took his work and personal cell phones. Ricardo asked Cole to give back the phones, but Cole said " [t]hese are my phones now' " and " '[n]o one is going to believe you, you fucking faggot.' " Ricardo tried to get up and follow Cole, but Cole continued the beating, pushed him down and "kept on kicking me on the floor and punching me."

Eventually Cole left Ricardo lying in the alley and headed toward the 24th Street BART station. As he walked away, he threatened, " '[i]f you do call the cops I will send my brother to come and kill you.' "

Ricardo suffered cuts and bruises to his face, a laceration above his left lip, bruised and sore ribs and a broken nose. Police apprehended Cole in the 24th Street BART station shortly after the assault. He was uninjured but there was blood on his face

3

and right hand, blood spatter on his forearms, and he was gripping a bloody shirt. Ricardo's cell phones were in his pocket.

Cole testified, and defense counsel argued, that he had acted in self-defense during a mutual fight started by Ricardo. Ricardo was romantically interested in him, but their relationship was not sexual or romantic. Rather, Cole had an agreement with Ricardo "that I would spend time with him alone" in exchange for Ricardo's financial help that included paying for Cole's cell phone, Uber rides, restaurant meals and other expenses. This was "a better deal" than having sex with Ricardo. Cole admitted he was a "con artist" who pretended to be Ricardo's boyfriend and led him on for a year to think they would eventually have sex.

Cole testified that he met with Ricardo the evening of the fight because Ricardo threatened to sue him for the money he had spent on Cole. Cole wanted to set up some kind of repayment arrangement to diffuse the situation. Ricardo "started swinging" after slamming Cole's phone to the ground, and the two started fighting. Cole did not push Ricardo to the ground. Instead, Ricardo fell when he moved backward as they fought, then started grabbing at Cole's legs. Cole kicked at Ricardo "to get him off of me." Eventually Ricardo, still on the ground, pulled out his phones and handed them to Cole, saying " '[h]ere, just take my phones.' " Cole thought this was because Ricardo felt guilty about breaking his phone.

Cole was charged with domestic violence with a special allegation of infliction of great bodily injury (count 1), assault

4

with force likely to cause great bodily injury (count 2), battery with serious bodily injury with a special allegation of infliction of great bodily injury (count 3), second degree robbery (count 4), criminal threats (count 5), and dissuading a witness (count 6). The jury convicted him of counts two through four and acquitted him of counts five and six. The prosecution dismissed count one after the jury was unable to reach a verdict on it.

The trial court suspended imposition of sentence and placed Cole on three years' probation. Cole filed a timely appeal.

## DISCUSSION

## I. The Robbery Count Did Not Require a Unanimity Instruction

The elements of robbery are: "(1) a taking (2) of personal property (3) in the possession of another (4) from [his] person or immediate presence (5) against [his] will (6) accomplished by means of force or fear (7) with an intent to permanently deprive." (*People v. Prieto* (1993)15 Cal.App.4th 210, 213, footnote omitted.) Here, Cole asserts his state and federal constitutional rights were violated because the court failed to instruct the jurors sua sponte that they must agree on the specific acts that constituted the force or fear element of robbery. He is mistaken.

A criminal defendant has a constitutional right to a unanimous jury verdict. (Cal. Const., art. I, § 16.) Where the evidence shows that more than one offense occurred, the court must instruct the jury that it must unanimously agree on at least one of the offenses involved in order to convict. (*People v. Madden* (1981) 116 Cal.App.3d 212, 219.) The danger in failing

5

to give a unanimity instruction in such cases is that the jury might return a conviction even though not all the jurors are convinced beyond a reasonable doubt that the defendant committed the same criminal act.  (*People v. Gunn* (1987) 197 Cal.App.3d 408, 412; *People v. Epps* (1981) 122 Cal.App.3d 691, 701-703.)  Therefore "cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132 (*Russo*).)  But, "where the evidence shows only a single discrete crime but leaves room for disagreement as to exactly how that crime was committed or what the defendant's precise role was, the jury need not unanimously agree on the basis or, as the cases often put it, the 'theory' whereby the defendant is guilty." (*Id.* at p. 1132.)  "This is true even if the theories are based on different facts."  (*People v. Grimes* (2016) 1 Cal.5th 698, 727.)  Thus, to determine whether the unanimity instruction is required, "the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime.  In the first situation, but not the second, it should give the unanimity instruction." (*Russo, supra*, 25 Cal.4th at p. 1135.)

The instruction was not required here.  The force or fear element undisputedly pertained only to the one robbery offense,

6

Cole's taking of Ricardo's phones.  Because there was but one robbery, there was no possibility the jury might "divide on two discrete crimes."  (*Russo, supra,* 25 Cal.4th at p. 1135.)  As *Russo* also teaches, it does not matter that the jurors could have found Cole guilty of the robbery without agreeing on which specific act or acts, e.g., the initial punch, the struggle after he took the phones, or his threat about contacting police, satisfied the force or fear element of the offense.

Cole's argument fails for a related reason as well.  The requirement to instruct on unanimity does not govern " 'if the case falls within the continuous course of conduct exception,' " as " 'when the acts are so closely connected that they form part of one and the same transaction, and thus one offense.' "  (*People v. Avina* (1993) 14 Cal.App.4th 1303, 1309.)  Moreover, "[t]he 'continuous conduct' rule applies when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them."  (*People v. Stankewitz* (1990) 51 Cal.3d 72, 100.)  This case presents both situations.  Cole's various acts of force or fear took place over a brief, uninterrupted span of time in a single location during the process of accomplishing the robbery.  His sole defense, that Ricardo gave him the phones voluntarily, applied without regard to which of those acts supplied the force or fear element of the robbery offense.  (See *People v. Gomez* ) (2008) 43 Cal.4th 249, 258 [if force or fear "are in play at any time during the period from caption through asportation, the defendant has engaged in conduct that elevates the crime from simple larceny to

7

robbery]; *People v. Covarrubias* (2016) 1 Cal.5th 838, 879.) No unanimity instruction was required.

## II. Cole is Subject to Only One Term of Probation

At the sentencing hearing the court suspended imposition of judgment for each count, placed Cole on three-year grants of probation for each count, and stayed the grant of probation as to count three. The court explained, "you are essentially on two different grants of probation and both these are to be concurrent with one another." The minute order reflects what appears to be separate grants of probation for counts two and four.

The Attorney General agrees with Cole's position that he is subject to a single grant of felony probation based on the suspended imposition of his aggregate sentence, rather than separate grants of probation for each of the two discrete offenses. The question appears to be a novel one, but under the present circumstances we believe the parties are correct. As the Attorney General observes, our sentencing laws calculate an aggregate term based on the relationship between offenses. (§ 1170.1, subd. (a); see Cal. Rules of Court, rule 4.452(a)(1) ["[t]he sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case].) Subject to certain exceptions, section 1203.1, subdivision (a) provides for a felony probation term based on "the maximum possible term of *the sentence*" (italics added), at least impliedly referring to the aggregate term rather than the term imposed on a particular

8

offense.[1]  While the question is theoretical here because the court imposed the two probationary terms concurrently, we therefore agree with the parties' request to clarify that Cole is subject to a single three-year term of probation.

## DISPOSITION

The judgment is modified to clarify that Cole's probation is a single grant subject to the terms and conditions specified in the order pertaining to the individual offenses.  As so modified, the judgment is affirmed.

---

[1] "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence, except as hereinafter set forth, and upon those terms and conditions as it shall determine."  (§1203.1, subd. (a).)

9

 

                                _____

                                Siggins, P.J.

WE CONCUR:

_____

Petrou, J.

_____

Jackson, J.

*People v. Cole*, A156662

Trial Court:                                    City & County of San
                                               Francisco Superior
                                               Court


Trial Judge:                                   Hon. Bruce E. Chan


Counsel:

Robert L.S. Angres, First District Appellate Court under
appointment of the Court of Appeal for Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Jeffrey M. Laurence, Senior
Assistant Attorney General, Catherine A. Rivlin, Supervising
Deputy Attorney General, Karen Z. Bovarnick, Deputy Attorney
General for Respondent.